UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNETT COLLINS,

        Plaintiff,

v.

                                          Case No. 12-14394
CITIMORTGAGE, INC.,                    Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

This civil action arises out of a complaint by the Plaintiff, Connett Collins, who contends that the Defendant, CitiMortgage, Inc. ("CitiMortgage"), violated state and federal laws when it extended a mortgage loan on her residential property in Flint, Michigan, and, more recently, after initiating foreclosure proceedings against the same property. Currently before the Court is CitiMortgage's motion to strike Collins' amended response to CitiMortgage's motion to dismiss.

After Collins filed her complaint in Genesee County Circuit Court of Michigan on September 5, 2012, CitiMortgage caused the removal of the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a). On October 11, 2012, CitiMortgage filed a motion to dismiss. Three weeks later, Collins filed a two-page retort to the motion, seeking to obtain the denial of CitiMortgage's dispositive application for relief without addressing any of the legal arguments that had been raised therein. CitiMortgage timely filed a reply brief on November 15, 2012.

A hearing on the motion that had been scheduled for February 14, 2013 was cancelled when the Court declared that the issues therein would be resolved on the briefs. On February 22, 2013 -

nearly four months after the filing of CitiMortgage's motion, and without seeking and obtaining leave of the Court - Collins filed an eleven-page amended answer which ostensibly addressed the arguments in the pending motion.

The Local Rules clearly state that a response to a dispositive motion must be filed within twenty-one days of the date on which the motion is filed. E.D. Mich. LR 7.1(e)(1)(B). Furthermore, (1) a brief must accompany the response, and (2) only a single brief is permitted without leave of the court. E.D. Mich. LR 7.1(c)(1) ("A respondent opposing a motion must file a response, including a brief and supporting documents then available."); E.D. Mich. LR 7.1(d)(1)(A) ("Unless the court permits otherwise, each motion and response to a motion must be accompanied by a single brief."). An untimely response that is filed without leave of the Court need not be considered. *See, e.g.*, *Ferrari v. DaimlerChrysler Corp.*, No. 06-11062, 2008 WL 795752 (E.D. Mich. Mar. 25, 2008).

Collins' untimely amended response was filed without leave of the Court and without a satisfactory explanation for her extremely tardy pleading.[1] However, the Court is reluctant to inflict a prejudice upon Collins for the action (or inaction) of her counsel or to render a decision on a dispositive motion without giving both parties an opportunity to express their views regarding the subject at hand. Notwithstanding, the Court will consider Collins' amended response and deny CitiMortgage's motion to strike (ECF No. 10). CitiMortgage is granted 14 days from the date of this order to file an amended reply.

---

[1] Acting without any form of legal justification and narrowly avoiding the imposition of sanctions by the Court, Collins explained that she "did not feel the need to file the response before the hearing date" because no oral argument "would need to be prepared prior to the hearing." (Pl. Resp. Def. Mot. Strike 3). To the extent that Collins asserts that her brief was not due until the date of the hearing, this is plainly incorrect and, quite frankly, ludicrous.

IT IS SO ORDERED.

Date: May 28, 2013                                     s/Julian Abele Cook, Jr.
                                                      JULIAN ABELE COOK, JR.
                                                      U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 28, 2013.

                                                      s/ Kay Doaks
                                                      Case Manager