UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNETT COLLINS,

        Plaintiff,

v.

                                     Case No. 12-14394
CITIMORTGAGE, INC.,                    Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

This civil action is based upon an accusation by the Plaintiff, Connett Collins, who contends that the Defendant, CitiMortgage, Inc. ("CitiMortgage"), violated several state and federal laws when it (1) issued an illegal mortgage loan to her in connection with a residential property in Flint, Michigan, and (2) later foreclosed on the same property. Subsequent to the filing of a complaint by Collins in the Genesee County Circuit Court of Michigan on September 5, 2012, CitiMortgage caused the removal of the case to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a). Currently before the Court is CitiMortgage's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

I.

On April 9, 1999, Collins obtained a mortgage loan from American Home Loans in order to finance the purchase of the subject property in Flint, Michigan. Shortly thereafter, the mortgage was initially processed by the Standard Federal Bank and, thereafter, to the CitiMortgage. The assignment to Citimortgage was recorded with the Genesee County Register of Deeds on September 16, 2009.

When she obtained the loan, Collins worked as a temporary employee of General Motors, LLC. However, she later lost her job which, in turn, caused her to (1) become delinquent in making the obligatory monthly mortgage payments, and (2) default in her contractual commitments on the loan. After her default, CitiMortgage commenced foreclosure by advertisement proceedings pursuant to a provision within the mortgage which authorized the mortgagee to sell the property in the event of a default. The property was sold at a sheriff's sale on January 18, 2012 to CitiMortgage for $72,497.93. Six months later, on July 18th, the statutory redemption period expired.

In her effort to challenge the legal efficacy of CitiMortage's effort to acquire possession of the Flint property, Collins commenced this lawsuit on September 5, 2012. In response, CitiMortgage (1) denied her substantive allegations of wrongdoing, and (2) filed a motion which, if granted, would dismiss Collins' lawsuit.

II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will (1) accept Collins' well-pleaded allegations as being correct, and (2) construe all of them in a light that is most favorable to her. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to her legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to

2

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, "[Collins must] plead[ ] factual content that allows the court to draw the reasonable inference that [CitiMortgage] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10©). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the . . . complaint and are central to [her] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the . . . complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

In her complaint, Collins raises the following nine claims; namely, (1) fraudulent misrepresentation; (2) violation of the Michigan Mortgage Brokers, Lenders, and Servicer Licensing Act, Mich. Comp. Laws 445.1672 et seq.; (3) breach of contract; (4) violation of the

Federal Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq.; (5) violation of 15 U.S.C. § 1639; (6) quiet title pursuant to Mich. Comp. Laws § 600.2932; (7) violation of Mich. Comp. Laws 600.3204 et seq.; (8) malpractice; and (9) injunctive relief. In response, CitiMortgage asserts that (1) all of these claims are barred by the doctrine of laches, (2) Collins lacks standing to challenge the sheriff's sale, and (3) the complaint fails to state a claim upon which relief can be granted.

A.    Standing

CitiMortgage initially argues[1] that Collins does not have standing to challenge the foreclosure proceedings because her redemption period has expired. In Michigan, foreclosures by advertisement are governed by statute. *Conlin v. Mortgage Elec. Registration Sys.*, 714 F.3d 355 (6th Cir. 2013). After a property is purchased at a sheriff's sale, the mortgagor has a period of six months in which to redeem the property. Mich. Comp. Laws § 600.3240(8). Once the redemption period has expired, the purchaser of the property is vested with "all right, title, and interest" in the property. Mich. Comp. Laws § 600.3236. At this point, a court can set aside the foreclosure sale only if "the mortgagor has made 'a clear showing of fraud, or irregularity." *Conlin*, 714 F.3d at 359 (quoting *Schulthies v. Barron*, 167 N.W.2d 784, 785 (Mich. Ct. App. 1969)). As described in *Conlin*, courts are divided as to whether this issue is one of standing, *see, e.g.*, *Overton v. Mortg. Elec. Registrations Sys.*, No. 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009), or a determination on the merits, *see, e.g.*, *El-Seblani v. IndyMac Mortg. Svs.*, 510 F. App'x 425, 429-30 (6th Cir. 2013). *Conlin*, 714 F.3d at 359. Nevertheless, it is clear that a statutory foreclosure cannot

---

[1] As CitiMortgage's motion to dismiss will be granted on other grounds, the Court will decline to address its laches argument.

4

be set aside in the absence of "a strong case of fraud or irregularity." *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007). Significantly, this claim of misconduct must relate to the foreclosure proceeding itself. *El-Seblani*, 510 F. App'x at 429.

In this case, the sheriff's sale was held on January 18, 2012 and the redemption period expired six months later on July 18th. Collins did not file this lawsuit until September 5, 2012 - well after the expiration of the redemption period. Therefore, the challenged foreclosure may not be set aside without a "strong" showing of fraud or irregularity in the foreclosure proceedings. The only pending claim which relates to some form of irregularity in the foreclosure proceedings is Count seven, where Collins alleges that (1) CitiMortgage initiated foreclosure proceedings without giving proper notice as required by Mich. Comp. Laws § 600.3204 and (2) the foreclosure notice failed to comply with Mich. Comp. Laws § 600.3205a. However, Collins does not allege any facts which support her claim of impropriety in the foreclosure proceedings. Her bare assertions - without more - do not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For example, she fails to identify (1) the statutory provision of 600.3204 which was violated by CitiMortgage, (2) the manner in which the notice was deficient, or (3) what CitiMortgage should have done in order to comply with this statute. Her conclusory assertions are insufficient to withstand a motion to dismiss.

Moreover, even if CitiMortgage failed to comply with § 600.3204, the foreclosure would not be set aside. Instead it would be voidable upon a showing of prejudice to Collins. *Kim v. JPMorgan Chase Bank, N.A.*, 825 N.W.2d 329, 337 (2012). To make such a showing, Collins would have to establish that "[she] would have been in a better position to preserve [her] interest in the property absent [CitiMortgage's] noncompliance with the statute." *Id.* In fact, she has failed to advance any

facts which would indicate that CitiMortgage's actions prevented her from preserving her interest in the property. As a result, Collins' challenge to the foreclosure sale under Mich. Comp. Laws § 600.3204 - Count seven of the complaint - will be dismissed.

B.      Count One - Fraudulent misrepresentation

In Count One, Collins contends that CitiMortgage made intentional false representations when the original loan was issued. CitiMortgage, on the other hand, maintains that the allegations in the complaint fail to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). This Rule requires the following: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." To satisfy the requirement of particularity, a plaintiff is required "at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks omitted); *see also Frank v. Dana Corp.* 547 F.3d 564, 570 (6th Cir. 2008) (describing particularity requirement of Rule 9(b) as specifying (1) the alleged fraudulent statements, (2) the speaker of the statements, (3) where and when statements were made, and (4) why statements were fraudulent); *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (Rule 9(b) requires that "plaintiff specify the who, what, when, where, and how of alleged fraud").

According to the law in Michigan, the elements of fraudulent misrepresentation are as follows:

> (1) That defendant made a material representation; (2) that it was

6

> false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567-68 (Mich. 2012). "Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery." *Id.*

In this case, Collins complains that three misrepresentations were made: (1) the value of the payments would fully amortize the loan, (2) the appraisal established that the value of the property exceeded the amount of the loan, and (3) all terms and conditions had been fully disclosed as required by law. The content of the alleged misrepresentations, alone, however, are insufficient to satisfy Rule 9(b), and here no other supporting facts are given. Collins neither identifies the person(s) who made the allegedly false statements, nor when or where they were made. Moreover, she does not explain what terms or conditions were withheld or misrepresented. As a result, this claim must also be dismissed. *See, e.g.*, *Yermian v. Countrywide Home Loans, Inc.*, 09-CV-12665, 2009 WL 5150882 (E.D. Mich. Dec. 17, 2009)*; Swarich v. OneWest Bank, F.S.B.*, 09-13346, 2009 WL 4041947 (E.D. Mich. Nov. 20, 2009).

C.      Count Two - Violation of the Mortgage Brokers, Lenders, and Servicers Licensing Act

Collins maintains that CitiMortgage violated the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), in violation of Mich. Comp. Laws § 445.1672 et seq., by making an unethical agreement with an appraiser to over-inflate the value of the appraisal. As an initial matter, this claim must fail because the MBLSLA does not provide a private right of action.

*See Shaya v. Countrywide Home Loans, Inc.*, No. 10-13878, 2011 WL 1085617 (E.D. Mich. Mar. 22, 2011) (citing Mich. Comp. Laws § 445.1663). Moreover, even if a private right of action does exist, Collins has failed to set forth any facts that would support her claim.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading "must contain a short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "It is significant that Rule 8(a)(2) requires a 'showing' of entitlement to relief, rather than merely a 'blanket assertion.' *Langford v. Caruso*, 11-CV-10219, 2011 WL 3348060 *2 (E.D. Mich. Aug. 3, 2011) (citing *Twombly*, 550 U.S. at 556). The statement required by Rule 8 must not only give a defendant fair notice of the claim but also of "the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

Here, Collins does not assert any facts to substantiate her claim that CitiMortgage agreed with the appraiser to over-inflate the appraisal. Her conclusory statement that an agreement existed is insufficient to survive a motion to dismiss.

D.     Count Three - Breach of Contract

8

Collins next alleges that CitiMortgage breached its agreement with her by "failing to disclose material facts, by making false and misleading statements and by having [Collins] rely on a grossly inflated appraisal." She appears to refer to the original loan agreement that was executed in 1999. The elements of a breach of contract claim under Michigan law are as follows: "(1) a contract between the parties, (2) the terms of the contract require performance of a certain action, (3) a breach, and (4) the breach caused injury to the other party." *Synthes Spine Co., L.P. v. Calvert*, 270 F. Supp. 2d 939, 942 (E.D. Mich. 2003) (citing *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999)). Here, Collins fails to identify (1) any terms of the agreement which were breached, (2) which material facts were withheld, (3) what statements were false, or (4) any facts regarding the inflation of the appraisal. Her conclusory statements are insufficient to state a claim. As such, this claim must be dismissed.

E.      Count Four - Violation of RESPA and TILA

Collins contends that CitiMortgage failed to give notices and disclosure, as required by the Federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 2601 et seq. CitiMortgage disagrees, by asserting that this claim is time-barred under the relevant statute of limitations. RESPA contains two limitation periods. 12 U.S.C. § 2614. A claim for a violation of § 2607 or § 2608 must be brought within one year "from the date of the occurrence of the violation," while a claim for a violation of § 2605 must be filed within three years. *Id.* Although Collins has not specified which provision was allegedly violated by CitiMortgage, her claim is time-barred under either limitations period. The alleged illegal acts pertain to the time when she originally executed the loan agreement in 1999. Collins did not file her complaint until thirteen years later in 2012.

9

The Truth in Lending Act ("TILA"), 15 U.S.C. § 2601 et seq., also contains two limitations periods: a one-year period for damage claims and a three-year period for rescission claims. 15 U.S.C. § 1640(e). The limitations period begins to run "when the plaintiff has a complete and present cause of action." *Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009) (quoting *Wike v. Vertrue, Inc.*, 566 F.3d 590, 593 (6th Cir. 2009)). Again, this claim refers to those events which occurred in 1999. This lawsuit was not filed until well after the expiration of either of these periods. As a result, Count four must be dismissed.

F.      Count Five - Violation of HOEPA

Collins next contends that CitiMortgage violated section 1639(h) of the Home Ownership and Equity Protection Act ("HOEPA"), which is an amendment to TILA. The one-year statute of limitations for damages claims under TILA also applies to claims under HOEPA. *Id.* Therefore, this claim is also time-barred.

G.      Count Eight - Malpractice

Collins next brings a claim of malpractice, contending that the appraiser created a fraudulent appraisal of the property. Under Michigan law, the limitations period for a claim of malpractice is two years. Mich. Comp. Laws § 600.5805(6). "[A]ccrual occurs on the last day of professional service, regardless of when the plaintiff discovers or otherwise has knowledge of the claim." *Gebhardt v. O'Rourke*, 510 N.W.2d 900, 903 (Mich. 1994). Here, Collins' claim of malpractice is based on an appraisal that occurred approximately in 1999. As a result, this claim must be dismissed because it is barred by the statute of limitations.

Collins contends that equitable tolling should apply to Counts four, five, and eight because

CitiMortgage delayed in making a decision as to the status of her request for a loan modification until after the expiration of the limitations period. In order to qualify for equitable tolling, Collins must proffer that (1) CitiMortgage concealed the alleged misconduct which constitutes the cause of action; (2) this concealment prevented her from discovering the cause of action within the limitations period; and (3) until discovery, she exercised due diligence in trying to find out about the cause of action. *Egerer v. Woodland Realty, Inc.*, 556 F.3d 415, 422 (6th Cir. 2009). Here, any delay by CitiMortgage in deciding whether to modify the loan did not serve to conceal the causes of action under RESPA, TILA, or HOEPA. Collins has not alleged sufficient facts to establish that she is entitled to equitable tolling of the relevant statutes of limitations.

H.     Counts Six and Nine - Quiet Title and Injunctive Relief

Collins' claims for quiet title and for injunctive relief are remedies - not separate causes of action and therefore must be dismissed. *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 WL 1104991 (6th Cir. Mar. 18, 2013).

Moreover, the claim for quiet title appears to be based on her claim that the foreclosure proceedings violated Mich. Comp. Law § 600.3204. This claim was dismissed above. Inasmuch as Collins has been unable to establish a defect in the foreclosure proceedings, she is not entitled to quiet CitiMortgage's title. *See Beulah Hoagland Appleton Qualified Personal Residence Trust v. Emmet County Rd. Comm'n*, 600 N.W.2d 698 (Mich. Ct. App. 1999).

IV.

For the reasons that have been stated above, CitiMortgage's motion to dismiss (ECF No. 5) will be granted.

IT IS SO ORDERED.

Date: September 25, 2013                                s/Julian Abele Cook, Jr.
                                                        JULIAN ABELE COOK, JR.
                                                        U.S. District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 25, 2013.

                                                        s/ Kay Doaks
                                                        Case Manager